UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTH CARE SERVICE CORP., <br><br> Plaintiff, <br><br> v. <br><br> MALLINCKRODT ARD LLC, et al., <br><br> Defendants. | Case No. 21-cv-00165-JSC <br><br> **ORDER RE: MOTIONS TO TRANSFER VENUE AND REMAND** <br><br> Re: Dkt. Nos. 13 &14 |

Before the Court are the motion to transfer venue of Mallinckrodt ARD LLC (f/k/a Mallinckrodt ARD Inc.) and Mallinckrodt plc (collectively "Mallinckrodt") and the motion to remand of Health Care Service Corporation ("Health Care Service").[1] (Dkt. Nos. 13 & 14.)[2] The Court previously declined to rule on the motions to transfer and remand pending resolution by the United States Judicial Panel on Multidistrict Litigation ("the Panel") of a motion to transfer this and related actions pursuant to 28 U.S.C. § 1407 (the "MDL Notice"). (Dkt. Nos. 27 & 35.) On June 7, 2021, the Panel issued an order denying transfer. (Dkt. No. 36.) After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Health Care Service's motion to remand and DENIES as moot Mallinckrodt's motion to transfer venue.

**BACKGROUND**

The gravamen of Health Care Service's complaint is that Mallinckrodt has engaged in a monopolistic scheme in the manufacturing, marketing, and sale of the prescription drug H.P.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 10 & 12.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Acthar Gel ("Acthar") that was fraudulent, unjustly enriched Mallinckrodt, and violated various states' antitrust, trade practice, and insurance laws, as well as New Jersey's Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See* Dkt. No. 1-3.) Health Care Service seeks monetary damages on the grounds that it has purchased substantial quantities of Acthar and alleges that, as a result of Mallinckrodt's conduct, it paid artificially inflated prices on these purchases. (*Id.*)

Health Care Service filed this action in Alameda County Superior Court on February 27, 2020. (Dkt. No. 1-1.) After Mallinckrodt demurred, Health Care Service filed an amended complaint on October 1, 2020. (Dkt. No. 1-3.) On October 12, 2020, Mallinckrodt commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. (Dkt. No. 1-4.) Mallinckrodt filed its "Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings" in Alameda County Superior Court on October 13, 2020. (Dkt. No. 1-5.)

On January 8, 2021, Mallinckrodt removed this action pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027. (Dkt. No. 1.) Following removal, Mallinckrodt moved to transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1412 or, in the alternative, 28 U.S.C. § 1404(a). (Dkt. No. 13-1 at 5.) On February 8, 2021, Health Care Service moved to remand on equitable grounds pursuant to 28 U.S.C. § 1452(b), and on the mandatory grounds that none of the triggering events in Bankruptcy Rule 9027 has occurred. (Dkt. No. 14.) After both motions were fully briefed, on March 17, 2021, the non-party in this action filed notice that, pursuant to 28 U.S.C. § 1407, the MDL Notice was filed with the Panel. (Dkt. No. 27.) In light of the MDL Notice, the Court vacated the hearings on the motions to transfer and remand and ordered briefing on the parties' positions regarding the MDL Notice. (Dkt. No. 29; *see* Dkt. No. 30.) After the Panel scheduled oral argument for May 27, 2021, the Court declined to rule on the motions to transfer or remand pending the Panel's resolution of the Section 1407 motion to transfer. (Dkt. No. 35.) On June 7, 2021, the Panel issued an order finding that centralization would be premature and denying transfer. (Dkt. No. 36.)

//

**DISCUSSION**

**I.  Sequencing of Motions**

As an initial matter, Health Care Service argues that the Court should resolve its motion to remand before Mallinckrodt's motion to transfer. (Dkt. No. 15 at 3.) Mallinckrodt argues that sequencing is in the Court's discretion and that deciding both motions at once is most efficient. (Dkt. No. 16 at 18-19.) Mallinckrodt also suggests that the Court may deny Health Care Service's motion with respect to mandatory remand, grant Mallinckrodt's motion to transfer, and defer to the transferee court with respect to equitable remand. (Dkt. No. 17 at 16.)

The Court "is free to rule on the competing motions in any order[,]" and "the[ ] cases indicate that a court's decision whether to decide on a remand or transfer motion first is extremely sensitive to the facts of the particular case." *Burse v. Purdue Pharma Co.*, No. C-04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004) (citations omitted). In the Northern District, some courts have stated that remand must be decided first, as a threshold issue of subject matter jurisdiction. *Anderson Plant LLC v. Batzer Constr., Inc.*, No. 3:15–cv–01966–CRB, 2015 WL 4572294, at *9 (N.D. Cal. July 29, 2015); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009); *Parke v. Cardsystems Sols., Inc.*, No. C 06-04857 WHA, 2006 WL 2917604, at *2 (N.D. Cal. Oct. 11, 2006); *Gradetech, Inc. v. Am. Emp'rs. Grp.*, No. C 06 02991 WHA, 2006 WL 1806156, at *2 (N.D. Cal. June 29, 2006); *see Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965). However, the majority have exercised discretion. *In re Caesars Entm't Operating Co.*, 588 B.R. 233, 237-38 (B.A.P. 9th Cir. 2018); *OpenGov, Inc. v. GTY Tech. Holdings Inc.*, No. 18-cv-07198-JSC, 2019 WL 978769, at *4 (N.D. Cal. Feb. 28, 2019); *Burse*, 2004 WL 1125055, at *1; *Johnson v. Am. Online, Inc.*, No. C–01–21083–RMW, 2002 WL 1268397, at *1 (N.D. Cal. Mar. 21, 2002); *Villarreal v. Chrysler Corp.*, No. C-95-4414 FMS, 1996 WL 116832, at *1-2 (N.D. Cal. Mar. 12, 1996); *see Pac. Inv. Mgmt. Co. v. Am. Int'l Grp.*, No. SA CV 15–0687–DOC, 2015 WL 3631833, at *3-4 (C.D. Cal. June 10, 2015) ("If jurisdiction is lacking, rendering a decision on the merits of a case is inappropriate. However, the Supreme Court has determined that a decision regarding whether to transfer a case, or dismiss for *forum non conveniens*, is not a decision on the merits. . . . Therefore, district courts have discretion over

3

whether to hear a motion to transfer prior to a motion to remand." (citations omitted)); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425-28 (2007).

Courts generally resolve remand prior to transfer. *Pac. Inv. Mgmt. Co.*, 2015 WL 3631833, at *3-5. Factors that suggest resolving transfer before remand include whether there is active multidistrict litigation, whether the case is a nation-wide class action, and whether "related to" bankruptcy jurisdiction and removal raise difficult questions. *In re Caesars*, 588 B.R. at 237; *Pac. Inv. Mgmt. Co.*, 2015 WL 3631833, at *4; *Burse*, 2004 WL 1125055, at *1. In those circumstances, resolving transfer first may serve judicial economy because "[t]he court which would ultimately try the case would most appropriately determine the motion to remand." *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998).

Here, the Panel's denial of transfer means that multidistrict litigation is neither active nor pending. (Dkt. No. 36.) This litigation is an individual case, not a class action. The parties dispute whether "related to" bankruptcy jurisdiction and removal raise difficult questions that are better resolved by a potential transferee court. Under these circumstances, the Court finds that judicial economy is best served by resolving remand prior to transfer. If remand is granted, the transfer issue will be moot. By contrast, if transfer is granted first, the transferee court will need to expend resources to consider the remand issue anew.

Apart from this case, two other Acthar-related actions have been filed in state courts, removed to federal district courts, and subjected to cross-motions to remand and transfer venue. (*See* Dkt. No. 17 at 6 n.1.) The motions remain pending in one. *Acument Glob. Techs., Inc. v. Mallinckrodt ARD Inc.*, No. 2:21-cv-02024-JTF-TMP (W.D. Tenn. filed Jan. 8, 2021). In the other, the district court elected—prior to the MDL Panel's decision—to grant transfer first and allow the "home court" of the bankruptcy proceeding to decide the remand issue. *Int'l Union of Operating Eng'rs Local 542 v. Mallinckrodt ARD, Inc.*, No. CV 21-114, 2021 WL 915722, at *6 (E.D. Pa. Mar. 10, 2021). The Court declines to follow suit. Resolving the remand issue may moot the transfer issue and serve the interest of judicial economy. Deciding the transfer issue and transferring this case to another district, which could then decide to remand, adds a step that might be avoided.

4

## II. Motion to Remand

The removing party has the burden of establishing federal subject matter jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, Health Care Service evidently does not dispute that the federal district court has subject matter jurisdiction over the case.[3] Rather, Health Care Service moves for remand on equitable grounds. Nevertheless, the Court has an independent obligation to ensure that it has subject matter jurisdiction whenever a case is removed to federal court. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

### A. Subject Matter Jurisdiction

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [S]ection 1334." 28 U.S.C. § 1334(b) vests federal district courts with "original but not exclusive jurisdiction of all civil proceedings arising under [the bankruptcy code], or arising in or related to cases under [the bankruptcy code]."

A case "'arises under' the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010). A case "'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *Id.*; *see Schultze v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014). A case is "related to" a case under the bankruptcy code if the outcome "could conceivably have any effect on the estate

---

[3] In its motion, Health Care Service argued that removal is "premature," and remand is therefore mandatory pursuant to Bankruptcy Rule 9027. (Dkt. No. 14 at 11-12.) This objection was later withdrawn. (Dkt. No. 25 at 9 n.6; *see* Dkt. No. 17 at 8-11.)

5

being administered in bankruptcy" by "alter[ing] the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [] in any way impact[ing] upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (internal citations and quotation marks omitted).[4]

Cases "arising under" or "arising in" the bankruptcy code are considered "core" proceedings. *Schultze*, 765 F.3d at 948. Core proceedings "invoke[] a substantive right provided by [the Bankruptcy Code] or . . . by [their] nature, could arise only in the context of a bankruptcy case." *Ray*, 624 F.3d at 1131. Cases "related to" the bankruptcy code are "non-core" proceedings. *Schultze*, 765 F.3d at 948. Non-core proceedings "do not depend on the Bankruptcy Code for their existence and . . . could proceed in another court." *Ray*, 624 F.3d at 1131.

On removal, Mallinckrodt asserted that Health Care Service's suit "arises under," "arises in," and is "related to" the bankruptcy code. (Dkt. No. 1 at 3-4.) At this stage, Mallinckrodt's argument focuses on "arising under" and "related to" bankruptcy jurisdiction. (Dkt. No. 13-1 at 8-10.) In so doing, Mallinckrodt maintains that this case is a core proceeding, but specifies that Health Care Service's filing of a proof of claim in the bankruptcy proceeding is the step that "transformed" this case into a core proceeding. (Dkt. No. 17 at 12 n.3.) Health Care Service argues that this case is a non-core proceeding, with only "related to" bankruptcy jurisdiction. (Dkt. No. 14 at 8-10.)

This action is not a core proceeding, as it does not depend on the bankruptcy code and could proceed in a non-bankruptcy court. *See Ray*, 624 F.3d at 1131; *Enron,* 296 B.R. at 509 n.3 ("This proceeding . . . would have arisen regardless of Enron's bankruptcy."). Indeed, this action predates Mallinckrodt's bankruptcy proceeding. Health Care Service's filing a proof of claim in the bankruptcy court does not convert this case to a core proceeding. *See In re G.I. Indus., Inc.*, 204 F.3d 1276, 1279-80 (9th Cir. 2000) (explaining that filing a proof of claim is a core proceeding even if underlying legal claim is not). While it is not a core proceeding, it is "related

---

[4] If the bankruptcy proceeding has already resulted in a confirmed bankruptcy plan, then "related to" jurisdiction narrows to cases with a "close nexus" to the bankruptcy plan. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193-95 (9th Cir. 2005); *see Ray*, 624 F.3d at 1133-34. Here, the parties have not advised the Court that a bankruptcy plan has been confirmed.

6

to" Mallinckrodt's bankruptcy proceeding because its outcome could "conceivably have [an] effect" on the estate's administration. *Fietz*, 852 F.2d at 457; *see Enron*, 296 B.R. at 508 ("The outcome of this case could conceivably have an effect on Enron's bankruptcy estate. Enron is contractually obligated to indemnify Appellants if they are found liable. This obligation will give rise to a claim against the bankruptcy estate."). Because "related to" bankruptcy jurisdiction allows removal from state to federal court, remand is not mandatory in this case as a matter of jurisdiction. 28 U.S.C. §§ 1334(b), 1452(a). Nevertheless, the dispute as to "arising under," "arising in," "related to," core, and non-core bankruptcy proceedings carries over to the issue of equitable remand, as explained below.

### B. Equitable Remand

Health Care Service moves for remand on equitable grounds. Even where removal is permitted by 28 U.S.C. § 1334, the federal district court "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). "This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).[5] The following factors assist the court:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

---

[5] Mallinckrodt asserts that equitable remand is an "extraordinary remedy." (Dkt. No. 17 at 11 (citing *Tahan v. Career Educ. Corp.*, 2010 WL 11595481 (C.D. Cal. July 26, 2010).) That is not so where there is a statutory basis for remand "on any equitable ground." 28 U.S.C. § 1452(b).

7

*In re Cedar Funding, Inc.*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009); *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761-62 (Bankr. S.D. Cal. 2007); *In re Enron Corp.*, 296 B.R. 505, 508-09 (C.D. Cal. 2003); *see also Charles Schwab Corp. v. Banc of Am. Secs. LLC*, 2011 WL 864978, at *7 (N.D. Cal. Mar. 11, 2011) (listing seven factors of similar substance). The parties make a number of arguments as to various factors except (12) and (14), which are inapplicable here. (*See* Dkt. No. 14 at 7 n.1.)

**(1) Efficient Administration of the Estate.** Health Care Service maintains that remand will not affect the efficiency of the bankruptcy proceeding because this case is stayed and there is no approved plan to administer the bankruptcy. It also argues that its proof of claim, filed in the bankruptcy proceeding, is one of thousands of claims seeking large damages, and thus will not have a central role in that proceeding. Mallinckrodt argues that efficient administration is "well served by removal (and ultimately transfer) because of the close relationship between this Action, the other Acthar Actions, and the [bankruptcy proceeding], and the effect this Action, and all the Acthar Actions, could have on the administration of the Debtors' estates." (Dkt. No. 17 at 12.) Notably, the efficiency gains Mallinckrodt proposes are contingent on transfer of this case to the District of Delaware, along with other cases currently pending in various district courts.

**(2) Predominant Issues.** Health Care Service's claims arise exclusively under state laws.

**(3) Nature of Applicable Law.** Mallinckrodt argues that Health Care Service's claims invoke well-settled and not especially complex state laws. Conversely, Health Care Service argues that, although its claims do not arise under federal law, to the extent they "relate to federal law[] no difficult or unsettled questions are present." (Dkt. No. 14 at 8.)

**(4) Related Proceedings.** Mallinckrodt acknowledges eight other lawsuits regarding its product Acthar. Some originated in state courts and others in federal courts around the country.

**(5) Other Jurisdictional Basis.** The only asserted jurisdictional basis for removal is 28 U.S.C. § 1334.

**(6) Relatedness to Bankruptcy.** Health Care Service acknowledges that "related to" bankruptcy jurisdiction is broad, but argues that this case is remote enough from the bankruptcy proceeding to warrant equitable remand. Mallinckrodt retorts that this case "may have a direct,

8

undisputed, and potentially sizeable effect" on the bankruptcy estate. (Dkt. No. 17 at 12.) This factor implicates the jurisdictional issue discussed above. *See, e.g.*, *In Re Cedar Funding, Inc.*, 419 B.R. 807, 821 (B.A.P. 9th Cir. 2009) ("[T]hat the matter is core is a significant factor weighing [against equitable remand].") Because this case is "related to" the bankruptcy proceeding, but is non-core, it has a degree of remoteness from the bankruptcy proceeding for purposes of this factor.

**(9) Burden on Bankruptcy Court.** Health Care Service urges that remand will avoid burdening the bankruptcy court, which is "unnecessary at this juncture" while this case is stayed. (Dkt. No. 14 at 7.) Mallinckrodt contends that this case necessarily affects the work of the bankruptcy court in administering the estate because Health Care Service has filed a proof of claim in that proceeding. Mallinckrodt does not explicate further and it is not self-evident why the bankruptcy's work in administering the proof of claim will be any more burdensome if this action is decided in state court where it was originally filed rather than federal court.

**(10) Forum Shopping.** Health Care Service complains that Mallinckrodt is forum shopping because it seeks to transfer this and eight other Acthar-related actions to the District of Delaware. Mallinckrodt responds that, rather than forum shopping, it is seeking to transfer all the Acthar-related actions to the "home court" where the bankruptcy is proceeding. These arguments are more relevant to the issue of transfer, in which the "home court" where the bankruptcy is proceeding may be favored, than to remand. For purposes of equitable remand, the relevant factor is the likelihood that Mallinckrodt's *commencement* of the bankruptcy proceeding involves forum shopping. *See Cedar Funding*, 419 B.R. at 820 n.18.

**(11) Jury Trial.** Health Care Service insists that it has a right to a jury trial, "which cannot be provided by the bankruptcy court." (Dkt. No. 14 at 10 (internal citations and quotation marks omitted).) This argument is more about Mallinckrodt's motion to transfer, and possible referral from the District of Delaware to the bankruptcy court, than about whether the case belongs in state or federal court. At this stage, there is nothing to suggest that keeping this case in federal court would deprive Health Care Service of a jury trial.

**(13) Comity.** Health Care Service argues comity favors remand because it was injured in

California, filed suit in California court, and "brought exclusively state law claims." (Dkt. No. 14 at 11.) While this is true, Health Care Service brought claims under the laws of at least 40 states, weakening the assertion that this case is California-centric. Health Care Service also observes that the California court "expended resources in the middle of the pandemic to familiarize itself with the issues in the case to resolve Mallinckrodt's demurrer." (Dkt. No. 14 at 11.) Mallinckrodt parries that the case had not made significant progress in state court, because, after the demurrer was resolved, Health Care Service filed an amended complaint and Mallinckrodt removed 10 days later. The Court agrees that the California court expended resources on this case and developed enough familiarity to rule on several substantive issues in the demurrer. (Dkt. No. 1-7 at 263-81.)

\* \* \*

Consideration of the above factors persuades the Court that remand is appropriate. Health Care Service, as sole plaintiff, filed suit several months before Mallinckrodt initiated its bankruptcy proceeding. During that time, the California court managed the case through substantive motions and thus is familiar with the allegations. While this action is related to the bankruptcy, it not a core action. Furthermore, Health Care Service's proof of claim is one of thousands against Mallinckrodt, such that the effect of this case on Mallinckrodt's overall bankruptcy estate is a matter of speculation, especially prior to confirmation of a bankruptcy plan. Finally, while Mallinckrodt is not forum shopping, the MDL Panel denied a motion to consolidate the actions against it. The Court in its discretion therefore finds that equitable remand of this state-law action is warranted.

## CONCLUSION

For the reasons explained above, the Court GRANTS Health Care Service's motion to remand and therefore DENIES Mallinckrodt's motion to transfer venue as moot. This action is remanded to the Superior Court for the County of Alameda.

This Order disposes of Dkt. Nos. 13 and 14.

**IT IS SO ORDERED.**

//

//

Dated: June 17, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge